**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
_____
                                       :
SECURITIES AND EXCHANGE COMMISSION,    :   MISCELLANEOUS ACTION
                                       :
                 Plaintiff             :
                                       :
        v.                             :   NO. 05-0169
                                       :
HEARTLAND ADVISORS, INC., ET AL.       :
                                       :
                 Defendants            :
_____
```

## ORDER

**AND NOW**, this 1 day of March, 2006, upon consideration of the Motion to Quash Or, in the Alternative, for Protective Order (Dkt. No. 1) filed by non-parties Delaware Management Company and Michael Buckley on September 12, 2005 and Defendant Heartland Advisors Inc.'s response (Dkt. No. 3) thereto, IT IS HEREBY ORDERED that the motion is DENIED.[1]

---

[1] Non-parties Delaware Management Company ("Delaware") and Michael Buckley ("Buckley") argue that the subpoena should be quashed or subject to a protective order because the subpoena seeks improperly to elicit expert testimony from Buckley in violation of Rule 45(c)(3)(B)(ii) of the Federal Rules of Civil Procedure. Rule 45 (c)(3)(B)(ii) provides that a court may modify or quash a subpoena if the subpoena

> requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party[.]

Fed.R.Civ.P. 45(c)(3)(B)(ii).

Heartland Advisors, Inc. ("Heartland") argues Buckley is a fact witness whom it is entitled to depose. Specifically, Heartland contends that it is entitled to depose Buckley about facts relating to the Vance Bond, facts relating to Heartland, facts relating to Buckley's conversations with Heartland personnel, and facts relating to Buckley's communications with the third-party pricing service (FT Interactive Data Corporation) or others about the Vance Bond. Heartland further contends that it is entitled to lay routine foundation, including foundation about the basis for Buckley's knowledge,

(Footnote 1 continued):

                                                                                                 BY THE COURT:

                                                  /s/ Arnold C. Rapoport
                                                  ARNOLD C. RAPOPORT,
                                                  United States Magistrate Judge

---

(Continuation of footnote 1):

foundation about Buckley's background, and foundation to authenticate documents authored by Buckley. To support its position Defendant relies on the case of Grider v. Keystone Health Plan Central, Inc., No. 05-MC-40, 2005 WL 2030456, at *7 (M.D. Pa. July 28, 2005)(Kane, J.), a case which we find persuasive.

        Similar to the holding of United States District Judge Yvette Kane in Grider, we find that Delaware and Buckley have failed to demonstrate that Buckley's deposition is likely to focus on his allegedly expert opinions regarding the underlying action pending in the United States District Court for the Eastern District of Wisconsin. Grider, 2005 WL 2030456, at *7. The above noted areas of inquiry appear to be solely related to Buckley's knowledge of factual issues regarding the underlying action. To the extent that Heartland's questions at the deposition seek expert opinions rather than facts, Buckley's counsel may object or take whatever steps he deems necessary to protect his clients' interests. Accordingly, because it does not appear from the face of the pleadings that Heartland intends to depose Buckley as anything other than a fact witness, we do not find it necessary to quash or modify the subpoena pursuant to Rule 45(c)(3)(B)(ii).